1   Andrew P. Gordon (NV Bar No. 3421)
    Jeffery A. Silvestri (NV Bar No. 5779)
2   MCDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1000
3   Las Vegas, NV 89102
    Phone: (702) 873-4100
4   Facsimile: (702) 873-9966
    Email:  agordon@mcdonaldcarano.com
5   Email:  jsilvestri@mcdonaldcarano.com

6   Brenton R. Babcock (admitted *pro hac vice*)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
7   2040 Main Street, Fourteenth Floor
    Irvine, CA  92614
8   Phone: (949) 760-0404
    Facsimile: (949) 760-9502
9   Email:  brent.babcock@kmob.com

10  Frederick S. Berretta (admitted *pro hac vice*)
    Phillip Bennett (admitted *pro hac vice*)
11  KNOBBE, MARTENS, OLSON & BEAR, LLP
    12790 El Camino Real
12  San Diego, CA  92130
    Phone: (858) 707-4000
13  Facsimile:  (858) 707-4001
    Email:  fred.berretta@kmob.com
14  Email:  phillip.bennett@kmob.com

15  Attorneys for Plaintiff/Counterdefendant
    SILVER STATE INTELLECTUAL TECHNOLOGIES, INC.
16

17
    Karl L. Nielson (NV Bar No. 5082)
18  JONES VARGAS, LLP
    3773 Howard Hughes Parkway, Third Floor South
19  Las Vegas, NV 89169
    Phone:  (702) 862-3300
20  Facsimile:  (702) 734-2722
    Email:  kln@jonesvargas.com
21
    James H. Wallace, Jr. (admitted *pro hac vice*)
22  Brian H. Pandya (admitted *pro hac vice*)
    WILEY REIN LLP
23  1776 K Street NW
    Washington, D.C. 20006
24  Phone: (202) 719-7000
    Facsimile: (202) 719-7049
25  Email:  jwallace@wileyrein.com
    Email:  bpandya@wileyrein.com
26
    Attorneys for Defendant/Counterclaimant
27  TOMTOM, INC.

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>　　v.<br><br>TOMTOM, INC., a Massachusetts corporation,<br><br>　　　　Defendant/Counterclaimant. | Case No. 2:11-cv-1581-PMP-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs. The persons receiving Confidential Information are ENJOINED from disclosing it to any other person or entity except in conformance with this Order.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

/ / /

3. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Knobbe, Martens, Olson & Bear, LLP; McDonald Carano Wilson, LLP; Wiley Rein LLP; Origin, Ltd., and Jones Vargas LLP. "Counsel" also includes James Joy, the General Counsel of TomTom; Ann Critchell-Ward, TomTom's Vice President of Intellectual Property; and Peter Spours, TomTom's Director of IP Strategy & Transactions.

**GENERAL RULES**

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information (a) may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, or (b) would violate an obligation of confidentiality to a third party, including a court.

    b. Designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

/ / /

/ / /

/ / /

|    |    |
|---|---|
| *1* | c. Confidential documents shall be so designated by stamping copies of |
| *2* | the document produced to a party with the legend "CONFIDENTIAL" or |
| *3* | "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the |
| *4* | document, preferably in the lower right-hand corner of the document, or as |
| *5* | close thereto as feasible. In the event that only selected pages of a bound |
| *6* | multiple-page document are stamped with the "CONFIDENTIAL" or |
| *7* | "CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend (<u>e.g.</u>, responses to |
| *8* | discovery requests), the first page of the bound document shall also be |
| *9* | stamped with the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' |
| *10* | EYES ONLY" legend to prevent accidental disclosure of the Confidential |
| *11* | contents of the document. |
| *12* | 5. In the event the producing party elects to produce materials for inspection, no |
| *13* | marking need be made by the producing party in advance of the initial inspection. For |
| *14* | purposes of the initial inspection, all materials produced will be considered as |
| *15* | "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to |
| *16* | the terms of this Order. No copies shall be made or retained during the inspection. |
| *17* | Thereafter, upon selection of specified materials for copying by the inspecting party, the |
| *18* | producing party must, within a reasonable time prior to producing those materials to the |
| *19* | inspecting party, mark the copies of those materials that contain Confidential Information |
| *20* | with the appropriate confidentiality marking. Any document identified on a privilege log may |
| *21* | be withheld by the producing party, and its inclusion in the documents for inspection shall not |
| *22* | be deemed a waiver of any privilege. |
| *23* | 6. Whenever a deposition taken on behalf of any party involves a disclosure of |
| *24* | Confidential Information of any party: |
| *25* | a. the deposition or portions of the deposition must be designated as |
| *26* | containing Confidential Information subject to the provisions of this Order; |
| *27* | such designation must be made on the record whenever possible, but a party |
| *28* | may designate portions of depositions as containing Confidential Information |

after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.  the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.  the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.  All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.  Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by:

a.  Counsel (as defined in paragraph 3) of the receiving party;

b.  Independent experts or consultants under the conditions set forth in this Paragraph;

c.  Court reporters employed by any party in this action;

///

    d.  Judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending;

    e.  Stenographic and clerical employees associated with the individuals identified above; and

    f.  Any other person as to whom the parties in writing agree.

The right of any independent expert or consultant to receive any Confidential Information will be subject to the advance approval of such expert or consultant by the producing party or by permission of the Court. The party seeking approval of an independent expert or consultant must provide the producing party with the name and curriculum vitae of the proposed independent expert or consultant, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert or consultant. In addition, the party seeking approval must include in its written notice to opposing counsel an informed statement whether the independent expert or consultant has presently or has had in the past a consulting relationship, or any other kind of contractual or employment relationship, with either (i) the party receiving the Confidential Information, or (ii) any company that manufactures or develops navigation devices.

Any objection by the producing party to an independent expert or consultant receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert or consultant. Confidential Information may be disclosed to an independent expert or consultant if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts or consultants must not be unreasonably withheld.  In the event that the producing party objects in writing to the proposed disclosure during the above-stated fourteen-day period, and the parties are unable to agree whether the disclosure should be made, the party seeking disclosure must move the Court for permission to disclose the Confidential Information.  The objecting party shall provide the grounds for such objection in writing within the above-stated fourteen-day period, articulating those grounds with sufficient particularity to enable the party seeking disclosure to move the Court for permission to disclose the Confidential Information.  The objecting party's grounds for

objection to the proposed disclosure must include good cause for the objection based, at least in part, on a claim of prejudice if the proposed disclosure is made. No Confidential Information shall be disclosed to an independent expert or consultant until any objections to the proposed disclosure of that material have been resolved by the parties or the Court.

Opposing counsel agree that they will not depose or interview such expert or consultant until and unless the expert is designated as a testifying expert by the party proposing the disclosure, and that such designation must be timely made in accordance with the applicable rules of procedure; provided, however, that nothing herein shall prevent a party from seeking leave of Court to depose or interview such expert.

9. Information designated "CONFIDENTIAL" must be viewed only by the persons authorized pursuant to the terms of paragraph 8, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. Executives who are required to participate in policy decisions with reference to this action;

    b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

    c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that independent experts

authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. If any such objection is made, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

    a. The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the Confidential Information in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation.

    b. The producing party shall respond in writing to the challenging party's notice within seven (7) calendar days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for permission to disclose the Confidential Information.

    c. If the dispute cannot be resolved between the parties without intervention from the Court, the party challenging the confidentiality designation may move the Court requesting appropriate relief. In any such question brought before the Court, the party asserting the confidentiality designation shall bear the burden of proving by clear and convincing evidence that the information should be maintained at the confidentiality level designated by the producing party.

The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

///

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information

designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. Further, nothing herein shall preclude a party from having Confidential Information copied, reproduced, or adapted by an outside professional copying, reproduction, or demonstrative exhibit preparation service, provided that such service and the party using such service take all steps reasonably available to protect the confidentiality of such material.

21.     Third party witnesses may invoke all of the provisions of this Order which are available to the parties.  This provision does not abridge a third party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the third party's own motion or on a motion brought on its behalf by an objecting party.  The party seeking production from a third party witness who may possess Confidential Information of the other party shall have the duty to provide a copy of this Order to that third party witness prior to any production from that witness.  The party seeking production shall also have the duty to inform that third party witness of its rights under this Order and its ability to designate any material it produces as Confidential Information.  In addition, the parties shall treat the Confidential Information of third parties in accordance with the terms of this Order.

22.     Persons who access Confidential Information of TomTom shall not, for a period of one (1) year following final resolution of this action, draft or revise patent claims, supervise, or assist in the prosecution of any patent application relating to the technology at issue in this litigation. The parties expressly agree that the Prosecution Bar set forth herein

shall be personal to any attorney who reviews Confidential Information of TomTom and shall not be imputed to any other persons or attorneys at the attorney's law firm or company unless information concerning that designated information was communicated to an individual by one who reviewed such designated information. However, an individual that does not receive Confidential Information shall not be supervised by, or receive instructions regarding the prosecution of patent claims from, individuals receiving Confidential Information under this Protective Order. Nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office that may arise as a consequence of knowledge obtained during the course of this litigation. The foregoing Prosecution Bar shall not bar litigation counsel from participating in any reexamination proceeding with respect to any patent relating to the technology at issue in this litigation, however, litigation counsel participating in any reexamination proceeding may not use for any purpose during any reexamination proceeding any Confidential Information obtained in this litigation.

23.     The inadvertent production in the course of discovery of any document or information, whether designated as Confidential Information or not, shall not be deemed to waive any attorney-client privilege, work product protection, or any other privilege or immunity that would otherwise attach to the document or information produced as long as the producing party, promptly after discovery of such inadvertent production, notifies the receiving party of the claim of privilege or other protection or immunity. The producing party must notify the receiving party and request return or destruction of such documents, things, materials, or information, and provide a privilege log of such documents, things, materials, or information. The receiving party must within five (5) business days of such request return or destroy and confirm destruction of all such documents, things, materials, or information, and any copies thereof, as well as all notes or other work product reflecting the contents of such materials and all such returned or destroyed material shall be deleted from any litigation-support or other database; but doing so shall not preclude the receiving party from seeking to compel production of those materials, nor constitute an admission that the

materials were, in fact, privileged, and the producing party must preserve any such documents. The fact of an inadvertent production shall not be a basis for arguing waiver of attorney-client privilege or work-product protection.

24. Upon final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or facsimile is acceptable for all notification purposes within this order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 5, 2012

/s/Frederick S. Berretta
Brenton R. Babcock
Frederick S. Berretta
Phillip Bennett

McDONALD CARANO WILSON LLP
Andrew P. Gordon
Jeffrey A. Silvestri

Attorneys for Plaintiff/Counterdefendant
SILVER STATE INTELLECTUAL
TECHNOLOGIES, INC.

WILEY REIN LLP

Dated: March 5, 2012

/s/Brian H. Pandya *(with permission)*
James H. Wallace, Jr.
Brian H. Pandya

JONES VARGAS, LLP
Karl L. Nielson

Attorneys for Defendant/Counterclaimant
TOMTOM, INC.

**O R D E R**

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated: March 8, 2012

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>TOMTOM, INC., a Massachusetts corporation,<br><br>    Defendant/Counterclaimant. | Case No. 2:11-cv-1581-PMP-PAL<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

    1.  I am employed as _____ by _____.

    2.  I have read the Protective Order entered in Silver State Intellectual Technologies, Inc. v. TomTom, Inc., Case No. 11cv1581 PMP-PAL, and have received a copy of the Protective Order.

    3.  I promise that I will use any and all "Confidential" or "Confidential - Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

    4.  I promise that I will not disclose or discuss such "Confidential" or "Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

    5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to enforcement of the Protective Order.

*1*    6. I understand that any disclosure or use of "Confidential" or "Confidential -
*2* Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective
*3* Order may subject me to sanctions for contempt of court.

*5*    I declare under penalty of perjury that the foregoing is true and correct.

*7* Date:_____            _____

*9* _____

# PROOF OF SERVICE

I hereby certify that on March 5, 2012, I caused the **STIPULATED PROTECTIVE ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

| | |
|---|---|
| Karl L. Nielson<br>kln@jonesvargas.com<br>JONES VARGAS, LLP<br>3773 Howard Hughes Parkway,<br>Third Floor South<br>Las Vegas, NV 89169<br>Phone: (702) 862-3300 | James Wallace<br>jwallace@wileyrein.com<br>Brian Pandya<br>bpandya@wileyrein.com<br>WILEY REIN LLP<br>1776 K Street, NW<br>Washington DC 20006<br>Phone: 202-719-7457 |

Executed on March 5, 2012, at San Diego, California.

_____
Megan Ptacin

12521359